# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGENIAL CLIFFORD WARD,<br><br>Plaintiff,<br><br>v.<br><br>JOHNNY RAMOS,<br><br>Defendant.<br>_____/ | CASE NO. 1:06-cv-00155 LJO DLB PC<br><br>ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT<br><br>(Doc. 35.) |

**Procedural History**

Plaintiff Regenial Clifford Ward ("Plaintiff") was proceeding pro se and in forma pauperis in this civil rights action. This action was proceeding against defendant Johnny Ramos ("Defendant").

On June 10, 2008, the Court issued a Second Scheduling Order setting this matter for telephonic trial confirmation hearing on October 24, 2008 before the Magistrate Judge and for jury trial commencing November 24, 2008 before the District Judge. (Doc. 21.) On August 29, 2008, Defendant filed a request for modification of the Second Scheduling Order. (Doc. 23.) Defendant referred to Plaintiff's Notice of Change of Address, filed April 30, 2007, which indicated that Plaintiff was no longer in the custody of C.D.C.R. (Doc. 15.) Defendant therefore requested that Defendant's counsel be relieved of the obligation of arranging for Plaintiff to participate in the telephonic trial confirmation hearing. Plaintiff did not file a response to the motion and the motion was granted. (Doc. 26.)

On October 3, 2008, Plaintiff filed a motion for a 120 day continuance. (Doc. 28.) Plaintiff stated that he could not respond to any orders of the Court because he did not have the documents he required. Plaintiff provided no further explanation. On October 10, 2008, the Court issued an order denying Plaintiff's motion for a continuance. The Court informed Plaintiff of the procedure for ordering copies of court documents and granted Plaintiff additional time to submit his pre-trial statement, which was then almost a month past due. (Doc. 29.)

Plaintiff failed to file a pre-trial statement and did not appear at the scheduled telephonic trial confirmation hearing on October 24, 2008. On October 28, 2008 the Magistrate Judge issued a Findings and Recommendations recommending that the action be dismissed with prejudice for Plaintiff's failure to prosecute and failure to obey the Court's order of October 10, 2008. Neither party filed objections. On December 9, 2008, the District Judge issued an Order Adopting the Findings and Recommendations in full and dismissed the action. (Doc. 33.)

Pending before the Court is Plaintiff's "Motion for Appeal of Court's Order Dismissing Plaintiff's Action," filed January 20, 2009, requesting that this action be reinstated. (Doc. 35.) The Court construes Plaintiff's request to be a motion for relief from judgment filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Defendant did not file a response. The motion is deemed submitted.

**Motion for Relief from Judgment or Order**

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;. . . or (6) any other reason that justifies relief." Relief under this latter provision requires the moving party to "demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations and citation omitted). The "[r]ule is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (internal quotations and citation omitted).

In his motion, Plaintiff states that on July 6, 2008 he was booked into Los Angeles County Jail; that the Court orders were sent to Plaintiff's place of residence, not to his place of custody; that Defendant's counsel could have confirmed that Plaintiff was in custody at Los Angeles County Jail; that Plaintiff assumed the Court would grant his request for a 120 day continuance; and that Plaintiff did not receive the Court's orders sent to his residence, including the orders denying his request for a continuance and dismissing the action with prejudice, until after he was released from custody on January 8, 2009.

Local Rule 83-182(f) provides:

> **Change of Address**. Each attorney appearing and each party appearing in propria persona is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the party if appearing in propria persona. Absent such notice, service of documents at the prior address of the attorney or party shall be fully effective. Separate notice shall be filed with the Clerk and served on all parties in each action wherein an appearance has been made.

Plaintiff was informed at the outset of this litigation of his continuing duty to notify the Clerk and all other parties of any change in address. (Doc. 5.)  Plaintiff did not file notice of his change of address to Los Angeles County Jail.  The Court properly served Plaintiff with the orders by mail to his listed address for service.  Additionally, although Plaintiff had filed a request for a 120 day continuance of the action, until the Court has addressed a pending motion, the moving party is not entitled to assume that the motion will be granted.  Further, the Court served Plaintiff with the order denying his motion and ordering Plaintiff to file his pretrial statement.  Plaintiff neither filed a pretrial statement, nor attended the telephonic trial confirmation hearing.

Plaintiff has not shown any grounds entitling him to relief from judgment, and the motion is THEREFORE DENIED.

IT IS SO ORDERED.

**Dated:   June 4, 2009**              /s/ Lawrence J. O'Neill
                              UNITED STATES DISTRICT JUDGE